ALICE MARY SHEA DUFFY *vs.* ARLINE K. DUFFY & others. March 22, 1982. 1. If the contention is not foreclosed by the apparently unappealed from 1975 judgment that dissolved the marriage of the plaintiff and the insured, there was nothing improper in the provision of that judgment that required the insured to maintain the plaintiff as the beneficiary on certain existing life insurance policies. Such provisions are commonplace, as may be seen from the cases enumerated in nn. 4 and 5 of *Green* v. *Green, ante,* 340, 342 (1982), and, whether regarded as a form of alimony or property settlement, fall within the broad powers given the Probate Courts by G. L. c. 208, § 34. As to the oversimplification that all alimony obligations terminate automatically at death, see *DuMont* v. *Godbey,* 382 Mass. 234, 235-236, 238-240 (1981). See also *Spiliotis* v. *Campbell, ante* 189, 191-193 (1982).

2. Contrary to the premise on which the defendants base their argument concerning the effect of G. L. c. 175, § 126, the plaintiff acquired an equitable interest in the policies when the 1975 judgment barred the insured from changing the beneficiaries. *Green* v. *Green, supra* at 342-343. See *Massachusetts Linotyping Corp.* v. *Fielding*, 312 Mass. 147, 149 (1942); *Handrahan* v. *Moore*, 332 Mass. 300, 303 (1955).

3. The formulation used in the 1975 judgment (ordering the insured to "keep in force and maintain his existing life insurance payable to the present beneficiaries") gave the plaintiff an equitable interest in any benefits which should become payable under the then-existing policies, and the increase in benefits over those that would have been payable if the insured had died in 1975 therefore accrued to the plaintiff.

*Judgment affirmed.*

*Douglas R. Winniman* for Arline K. Duffy.
*Lawrence R. Sisitsky* for the plaintiff.